UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTUAN LEANYEAR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:12-CV-00136 ) |
| B. MACDONALD, Fort Wayne Police Officer #1837F, *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss filed by Defendants on April 25, 2013, asserting that this 42 U.S.C. § 1983 case should be dismissed under Federal Rule of Civil Procedure 37(b) as a sanction for Plaintiff's failure to appear for his noticed deposition. (Docket # 26.) Plaintiff filed a response to the motion on May 10, 2013 (Docket # 32); Defendants have not filed a reply, and the time to do so has since passed. The motion was referred to the undersigned Magistrate Judge by District Judge Joseph Van Bokkelen for the issuance of a Report and Recommendation. (Docket # 36.)

Having reviewed the record and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be DENIED. This Report and Recommendation is based on the following facts and principles of law.

### A. *Factual and Procedural Background*

Plaintiff Antuan Leanyear filed this § 1983 case against Fort Wayne Police Officers B. Macdonald, J.C. Gutierrez, D. McCarran, R. Brumett, and C. Thurston on April 2, 2012, alleging

that they used excessive force against him during the course of his arrest two years earlier. (Docket # 1.) On May 29, 2012, the Court conducted a preliminary pretrial conference, setting a discovery deadline of December 31, 2012. (Docket # 10.)

On August 1, 2012, Defendants served Leanyear, through his counsel, with a notice of deposition for October 19, 2012. (Defs.' Mot. to Dismiss ¶ 3.) On or about October 18, 2012, Leanyear's counsel informed Defendants that Leanyear could not attend the deposition and that it would need to be reset. (Defs.' Mot. to Dismiss ¶ 3.) As a result, Defendants rescheduled the deposition for October 25, 2012, issuing an amended notice of deposition to Leanyear. (Defs.' Mot. to Dismiss ¶ 3.) On the eve of the deposition, however, Leanyear's counsel informed Defendants that Leanyear was in Minnesota and again was unable to attend the deposition; thus, the deposition did not occur on October 25, 2012. (Defs.' Mot. to Dismiss ¶ 4.)

The parties then entered into settlement negotiations, and counsel believed that the matter had been settled. (Defs.' Mot. to Dismiss ¶ 5.) But on December 21, 2012, Leanyear indicated that he would not sign the agreement. (Defs.' Mot. to Dismiss ¶ 5.)

The Court conducted a status conference on February 4, 2013, and extended discovery through April 8, 2013. (Docket # 17.) Leanyear's counsel stated at the status conference that she was unaware of Leanyear's whereabouts, indicating that her communications with Leanyear flowed through his grandmother. (Defs.' Mot. to Dismiss ¶ 7.)

On February 13, 2013, Defendants served Leanyear, through his counsel, with a notice of deposition for April 10, 2013. (Defs.' Mot. to Dismiss ¶ 8.) On April 5, 2013, Leanyear's counsel filed a motion to withdraw (Docket # 20); three days later, the Court set the motion for a hearing on April 29, 2013, instructing Leanyear to appear in person (Docket # 24). The Court

indicated at that time that the April 10th deposition was to go forward as scheduled, instructing the Clerk to send a copy of the Order to Leanyear at his last known address in Florida. (Docket # 24.)  Leanyear, however, failed to appear for the April 10th deposition despite numerous attempts by his counsel to notify him of the scheduled deposition. (Defs.' Mot. to Dismiss ¶ 9.)

On April 22, 2013, Leanyear's grandmother called his attorney and reported that he was incarcerated in Wisconsin and thus would not be able to appear in person for the April 29th hearing. (Docket # 25.)  On April 25, 2013, Defendants filed the instant motion, requesting that the case be dismissed under Rule 37 as a sanction for Leanyear's repeated failure to appear for his deposition. (Docket # 26.)

At the April 29th hearing on the motion to withdraw, Leanyear appeared telephonically, but refused to participate; his counsel appeared in person. (Docket # 28.)  The Court granted his counsel's motion to withdraw, affording Leanyear through May 28, 2013, to file a response to Defendants' motion to dismiss. (Docket # 30.)  Leanyear timely did so. (Docket # 32.)

### B.  *Applicable Legal Standard*

Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part . . . ." FED. R. CIV. P. 37(b)(2)(A).  "The simple failure to comply is enough [to warrant sanctions], notwithstanding a complete lack of culpability on [the plaintiff's] part." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).  That is, "the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." *Id*. (citations omitted).  "[A]n award of sanctions must be proportionate to

3

the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993); *accord Martin v. Fort Wayne Police Dep't*, No. 1:04-cv-450, 2005 WL 3118020, at *3 (N.D. Ind. Nov. 21, 2005).

In that regard, "a finding of willfulness, bad faith, or fault . . . comes into play when dismissals are used specifically as a discovery sanction under [Rule] 37." *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *accord In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001). The Seventh Circuit Court of Appeals has cautioned that a court must use its dismissal power sparingly, as it is a "harsh sanction" which should "be employed only as a last resort." *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003); *see also Maynard*, 332 F.3d at 467 (stating that "[o]f all possible sanctions, dismissal is considered 'draconian'" and that the court must be "vigilant" in its review of such actions).

### *C. Analysis*

Defendants request that this case be dismissed as a sanction under Rule 37(b) for Leanyear's failure to appear for his deposition. They emphasize that Leanyear received notice, through his counsel, of the deposition set on three different dates and that he has demonstrated a "pattern of non-compliance" by failing to appear, warranting dismissal of his case. (Defs.' Mot. to Dismiss ¶ 13.)

But Leanyear explains in his response that he has been incarcerated in Minnesota and Wisconsin since July 2012, and, as a result, could not appear in Indiana for his deposition. (Docket # 32.) He adds that due to his incarceration he has had very little contact with his attorneys and recently "fired" them because he thought they were not representing his best interests by encouraging him to settle his case; he states that it has been difficult to obtain new

4

representation due to his "current situation." (Docket # 32.)  Leanyear also explains that he did not participate in the April 29th hearing because he did not feel he had the "proper representation for this important matter." (Docket # 32.)

Considering that Leanyear ostensibly has been incarcerated in Wisconsin and Minnesota since July 2012, the draconian sanction of dismissal is simply not proportionate to the objectionable conduct in this instance—the failure to appear at a deposition in Indiana.  That is, on this record, there is insufficient evidence of "willfulness, bad faith, or fault" that would warrant dismissal as a sanction.[1] *Maynard*, 332 F.3d at 467-68; *see GCIU Emp'r Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) ("The drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a *clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailable." (emphasis in original; citation and internal quotation marks omitted)).  Perhaps Defendants now recognize this as well, as they opted not to reply to Leanyear's proffered explanation.

Furthermore, on at least two of the three dates, Leanyear's counsel informed Defendants in advance that Leanyear would be unable to attend the noticed deposition.  And Defendants do not suggest that they have been unduly prejudiced by Leanyear's failure to appear. *See Robinson v. Petyo*, No. 2:06-cv-433, 2010 WL 148300, at *6 (N.D. Ind. Jan. 13, 2010) ("[A] court may consider prejudice to the [defendants] caused by the [plaintiff's] conduct.").

Therefore, it is recommended that Defendants' motion for dismissal of this suit as a sanction under Rule 37(b) be DENIED.  If the Report and Recommendation is adopted, the

---

[1] Defendants do not request any sanction other than dismissal of this case.

Court will, on its own motion, reopen discovery solely for the purpose of allowing Defendants to depose Leanyear either telephonically or in person at his place of incarceration. Leanyear should consider himself duly warned that any discovery transgressions, such as a failure to appear for or participate in a deposition, may result in sanctions against him, <u>up to and including dismissal of this action</u>. *See Woods v. Chicago Transit Auth.*, No. 04 C 04124, 2006 WL 2460618, at *4 (N.D. Ill. Aug. 18, 2006) (articulating that because of the extremely harsh nature of the sanction of dismissal, some courts have considered it improper to dismiss a case under Rule 37(b) "unless the non-complying party has been sufficiently warned that further intransigence warrants dismissal" (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997))).

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Defendants' Motion to Dismiss With Prejudice (Docket # 26) be DENIED. The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff at his last known address and to counsel for the Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. FED. R. CIV. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED.

Enter for this 18th day of June, 2013.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge