UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTUAN LEANYEAR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:12-CV-136 |
| | ) |
| B. MACDONALD, Fort Wayne Police Officer | ) |
| #1837F, named in his individual capacity, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT and RECOMMENDATION

### A. Introduction

Defendants filed a motion to dismiss on March 18, 2014, asserting that this 42 U.S.C. § 1983 case should be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff Antuan Leanyear's failure to prosecute it. (Docket # 45.) Although Leanyear was initially represented by counsel, he is now proceeding *pro se*. (Docket # 1, 35.) The motion was referred to the undersigned Magistrate Judge by District Judge Joseph Van Bokkelen for the issuance of a Report and Recommendation. (Docket # 46.)

Due to Leanyear's apparent disinterest in pursuing this case, and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72-1, the undersigned Magistrate Judge recommends that Defendants' motion to dismiss be GRANTED. This Report and Recommendation is based on the following facts and principles of law.

### B. Factual and Procedural Background

In April 2012, Leanyear (through counsel) filed this § 1983 case against Defendants, who are all Fort Wayne police officers, alleging they used excessive force against him during his

arrest two years earlier. (Docket # 1.) The following month, the Court conducted a preliminary pretrial conference, and the discovery process began. (Docket # 10.)

In August 2012, and again in October 2012, Leanyear informed Defendants on the eve of his properly-noticed deposition that it would need to be reset. (Docket # 26.) Leanyear's counsel stated at a status conference in February 2013 that she was unaware of his whereabouts, indicating that her communications with him flowed through his grandmother. (Docket # 17.) Defendants reset the deposition for April 10, 2013, but Leanyear failed to appear, despite numerous attempts by his counsel to notify him of the scheduled deposition. (Docket # 26.)

Near that same time, Leanyear's counsel filed a motion to withdraw (Docket # 20), and the Court set the motion for a hearing on April 29, 2013, instructing Leanyear to be present in person (Docket # 24). Leanyear's grandmother, however, told his attorney that he was incarcerated in Wisconsin, and thus, Leanyear appeared telephonically (Docket # 25); yet Leanyear refused to participate in the hearing (Docket # 28). The Court granted his counsel's motion to withdraw. (Docket # 35.)

Defendants filed a motion requesting that the Court dismiss Leanyear's case as a sanction for his repeated failure to submit to a deposition. (Docket # 26.) The Court denied the motion in October 2013 after Leanyear explained that he could not attend the depositions because he was incarcerated in Wisconsin and then Minnesota. (Docket # 32, 39, 44.)

On March 18, 2014, Defendants filed a second motion to dismiss–this time under Rule 41(b) for failure to prosecute–emphasizing that Leanyear had not filed a document in this case since August 19, 2013. (Docket # 45.) Defendants report that Leanyear was discharged from the county jail in Stillwater, Minnesota, in September 2013, but left no forwarding address, nor has

2

he updated the Court with his address. (Defs.' Mot. to Dismiss with Prejudice ¶ 12.) As a result, Defendants could not send him a notice of deposition. (Defs.' Mot. to Dismiss with Prejudice ¶ 13.)

On March 28, 2014, the Court sent a Notice to Leanyear at his last-known address in Stillwater, Minnesota, informing him of his obligation to respond to Defendants' motion to dismiss on or before May 5, 2014, and warning him that if he did not do so his case may be dismissed for failure to prosecute. (Docket # 47.) The Notice, however, was returned to the Court as undeliverable on April 14 with "not in custody" written on the envelope.[1] (Docket # 49.)

### C. Applicable Law

A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss a case for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted). Also, Local Rule 41-1 instructs that "[t]he court may dismiss a civil case with judgment for costs if: (a) no activity has occurred in the case for six months; (b) the court or clerk has notified the parties that the case will be dismissed for failure to prosecute it; and (c) at least 28 days have passed since the notice was given." N.D. Ind. L.R. 41-1.

---

[1] On March 28, 2014, the Court sent to Leanyear at his last-known address a copy of the Order referring the motion to dismiss to the undersigned Magistrate for a report and recommendation (Docket # 46); that too was returned as undeliverable (Docket # 48).

3

### D. Discussion

Leanyear has had ample opportunity to prosecute this case, but has failed to file anything in this action in more than eight months, that is, since August 19, 2013. He has not kept the Court or the Defendants apprised of his current whereabouts, as he has been released from the county jail in Stillwater, Minnesota, but has not provided an update to the Clerk's office or the Defendants on his current address.[2] Documents delivered to Leanyear, both by the Court and the Defendants, have been returned as undeliverable because Leanyear is no longer in custody. Leanyear was warned on April 2, 2014, that his case may be dismissed for failure to prosecute if he did not file a response to Defendants' motion to dismiss on or before May 5, 2014.

Accordingly, in the interest of judicial economy, and because of Leanyear's apparent disinterest and lack of diligence in this case, this Court RECOMMENDS that Defendants' motion to dismiss be GRANTED, and Leanyear's case be DISMISSED for want of prosecution. *See, e.g.*, Report and Recommendation, *Jobes v. Overall*, No. 12-cv-110, 2013 WL 1980817, at *2 (S.D. Ill. Apr. 16, 2013) (recommending dismissal for plaintiff's failure to prosecute his claims or provide the court with his updated address upon release from prison), *adopted by* 2013 WL 1980679 (S.D. Ill. May 13, 2013); Report and Recommendation, *Hill v. United States*, No. 11-cv-317, 2012 WL 3062465, at *2 (S.D. Ill. June 29, 2012) (recommending dismissal for failure to prosecute where plaintiff failed to keep the court apprised of his address), *adopted by* 2012 WL 3062464 (S.D. Ill. July 26, 2012); *Johnson v. Humphreys*, No. 06c1180, 2007 WL 3228066, at *1 (E.D. Wis. Nov. 1, 2007) (dismissing case where although plaintiff did not exhibit disregard for court orders, he failed to exercise diligence in updating the court of any

---

[2] Nor as the Court ever been provided his grandmother's address.

changes in residence, and thus, court orders were returned as undeliverable).

## E. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Defendants' Motion to Dismiss With Prejudice (Docket # 45) be GRANTED. The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff at his last-known address and to counsel for the Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

Entered: May 9, 2014.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge